Mathew K. Higbee, Esq.
IL Bar No. 6319929
**HIGBEE & ASSOCIATES**
3110 W Cheyenne Ave Ste 200
North Las Vegas, NV 89032
(813) 714-3013
(714) 597-6729 facsimile
mhigbee@higbee.law

Attorney for Plaintiff,
GREAT BOWERY, INC. d/b/a TRUNK ARCHIVE

## UNITED STATES DISTRICT COURT
## IN AND FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GREAT BOWERY, INC. D/B/A TRUNK ARCHIVE, <br><br> Plaintiff, <br><br> v. <br><br> STAR-CARE FAMILY WELLNESS, PLLC, <br><br> Defendant. | Case No. 1:26-cv-7089 <br><br> **COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF** <br><br> **COPYRIGHT INFRINGEMENT** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff, Great Bowery, Inc. d/b/a Trunk Archive, by and through its undersigned counsel, brings this Complaint against Defendant Star-Care Family Wellness, PLLC, alleges as follows:

### NATURE OF THE ACTION

1. This is a civil action seeking damages and injunctive relief for copyright infringement under the Copyright Act of the United States, 17 U.S.C. § 101 *et seq.*

1
COMPLAINT

## PARTIES

2.      Plaintiff Great Bowery, Inc. d/b/a Trunk Archive ("Trunk Archive") is a corporation duly organized and existing under the laws of Delaware with a place of business at 433 Broadway STE 420, New York, NY 10013.

3.      Upon information and belief, Star-Care Family Wellness, PLLC ("Star-Care" or "Defendant") is an Illinois professional limited liability company with a principal place of business at 9830 S. Ridgeland Avenue, Chicago Ridge, IL 60415.

4.      For the purposes of this Complaint, unless otherwise indicated, "Defendant" includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogates, representatives, and insurers of the Defendant named in this caption.

## JURISDICTION AND VENUE

5.      This Court has original subject matter jurisdiction over Plaintiff's copyright claims pursuant to 28 U.S.C. §§ 1331 (federal question) and 1338(a) (copyrights).

6.      This Court has personal jurisdiction over Defendant because Defendant is incorporated in the State of Illinois, Defendant has a physical presence in the State of Illinois, and Defendant transacts business in the State of Illinois.

7.      Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b)-(d) and/or §1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred and/or this civil action arises under the Copyright Act of the United States, and Defendant or their agents reside or

2
COMPLAINT

may be found in this judicial district.

## FACTUAL ALLEGATIONS
### *Plaintiff Great Bowery, Inc. d/b/a Trunk Archive and Copyright Holder Baard Lunde*

8.      Trunk Archive is a full-service photography licensing agency representing some of the most prominent photographers and iconic images in the world.

9.      Trunk Archive's catalogue features imagery from hundreds of prominent artists and designers that are available for license.

10.      One of Trunk Archive's most prominent photographers is Norwegian-born, France-based photographer Baard Lunde ("Lunde").

11.      Lunde is a highly successful photographer specializing in beauty and fashion photography.

12.      Lunde licenses his work for a fee.

13.      Lunde's portfolio includes international clients, and his work has been featured by notable publications and brands, such as *Vogue France*, *Chanel Beauty*, and *L'Oreal Paris*.

14.      Lunde's livelihood depends on receiving compensation for the photographs he produces, and the copyright protection afforded to Lunde's work deters would-be infringers from copying and profiting from his work without permission.

15.      Lunde is the sole author and rights holder to a photograph of a female model with a shiny skincare product applied to her face ("Beauty Photograph").

16.     Attached hereto as Exhibit A is a true and correct copy of the Beauty Photograph.

17.     Lunde registered the Beauty Photograph with the United States Copyright Office under Registration Number VA 2-236-217 with an Effective Date of Registration of December 22, 2020.

18.     Attached hereto as Exhibit B is a true and correct copy of the Registration Certificate VA 2-236-217.

19.     Lunde subsequently granted Trunk Archive the exclusive right to license the Beauty Photograph, which includes the exclusive right to distribute, display, and reproduce the Beauty Photograph.

### *Defendant Star-Care Family Wellness PLLC and Willful Infringement*

*20.*     Upon information and belief, Star-Care is a practice offering both medical care, and cosmetic procedures and treatments, such as injectables, facials, laser hair removal, and more. *See generally mystarcarefamily.com*.

21.     Upon information and belief, Star-Care manages, operates, and controls an Instagram account by the username of @starcarefamilywellness www.instagram.com/starcarefamilywellness ("Defendant's Instagram Account").

22.     On information and belief, Defendant's Instagram Account generates content in order to promote Defendant's services, products, and retail offerings, attract new customers, and generate profit and revenue for the company and its owner(s).

23.     On or about July 25, 2025, Trunk Archive discovered the Beauty Photograph being used in five posts on the Defendant's Instagram Account (the "Infringing Posts").

24.     The first infringing post was made on February 28, 2025. It featured the Beauty Photograph, was captioned "Music to our ears #laserhairremoval #beauty #skincare #botox #facial #esthetician #medicalspa #weightloss #starcarefamilywellness" ("Infringing Post 1").

25.     Attached hereto as Exhibit C are true and correct screenshots of Infringing Post 1.

26.     The second infringing post was made on March 16, 2025. It featured the Beauty Photograph, and was captioned "Ready for silky-smooth skin? Say goodbye to endless shaving and waxing! Our advanced laser hair removal treatments at Star-Care Family Wellness provide: Long-lasting results, Minimal discomfort, Quick treatment sessions, Precise targeting, Suitable for all skin types. SPRING SPECIAL: 6 sessions for $600 laser hair removal packages for area of choice . . . Book your free consultation today . . ." ("Infringing Post 2").

27.     Attached hereto as Exhibit D are true and correct screenshots of Infringing Post 2.

28.     The third infringing post was made on April 23, 2025. It features the Beauty Photograph, and was captioned "Exercise & dancing helps produce endorphins (your happy hormone) to keep you happy and healthy #starcarefamilywellness #dancing #medspa #beauty #endorphins" ("Infringing Post

5
COMPLAINT

3").

29. Attached hereto as Exhibit E are true and correct screenshots of Infringing Post 3.

30. The fourth infringing post was made on May 21, 2025. It features the Beauty Photograph, and was captioned "⭐ ⭐ ⭐ ⭐ ⭐ reviews from the best clients in the world #starcarefamilywellness #laserhairremoval #skincare #beauty #botox #medicalspa" ("Infringing Post 4").

31. Attached hereto as Exhibit F are true and correct screenshots of Infringing Post 4.

32. The fifth infringing post was made on June 7, 2025. It featured the Beauty Photograph and was captioned "Pigmentation Disorders Symposium!! Love learning how to care for our patients and their skin conditions such as melasma, post inflammatory hyperpigmentation, lasers, photo damage aging and so much more!!! Love it and sunscreen is still important!!! Care of all skin types and skin colors. #skincare #acne #aging #pde2025" ("Infringing Post 5").

33. The previously defined term "Infringing Posts" shall be read to include Infringing Post 1, Infringing Post 2, Infringing Post 3, Infringing Post 4, and Infringing Post 5.

34. Soon after discovering the Infringing Posts, Trunk Archive, through counsel, reached out to Defendant to have the Beauty Photograph removed and to attempt to resolve this matter without court intervention, but the parties were unable to come to an agreement.

35.     Trunk Archive has never at any point given Star-Care a license or other permission to display, copy, distribute or otherwise use the Beauty Photograph in the Infringing Post on Defendant's Instagram Account, or on any other website or platform.

36.     Star-Care (including its employees, agents, contractors, or others over whom it has responsibility and control) copied and uploaded the Beauty Photograph to Defendant's Instagram Account without Trunk Archive's consent.

37.     The purpose of the use of the Beauty Photograph on the Defendant's Instagram Account was to provide high-quality and aesthetically pleasing content congruent with Star-Care's marketing goals to entice customers to purchase services and/or products from Star-Care.

38.     The purpose of the use of the Beauty Photograph on the Defendant's Instagram Account was to promote Star-Care's service and product offerings by providing visual content in the form of a high-quality, professionally-produced photograph

39.     Trunk Archive did not provide permission or authorization to Star-Care to use, make a copy of, or publicly display the Beauty Photograph on the Defendant's Instagram Account.

40.     On information and belief, Defendant's use of the Beauty Photograph was deliberate and willful because it knew or should have known that it did not purchase a license to use the Beauty Photograph on Defendant's Instagram Account, or in any other way.

7
COMPLAINT

## CAUSE OF ACTION
## COPYRIGHT INFRINGEMENT
### 17 U.S.C. § 101 *et seq*

41.    Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein.

42.    Plaintiff did not consent to, authorize, permit, or allow in any manner the said use of the unique and original Beauty Photograph.

43.    Plaintiff is informed and believes and thereon alleges that the Defendant willfully infringed upon the copyrighted Beauty Photograph in Star-Carelation of Title 17 of the U.S. Code, in that they used, published, communicated, publicized, and otherwise held out to the public for commercial benefit, the original and unique Beauty Photograph without Plaintiff's consent or authority, by using it on Defendant's Instagram Account in the Infringing Post.

44.    As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to any actual damages pursuant to 17 U.S.C. §504(b), or statutory damages pursuant to 17 U.S.C. § 504(c).

45.    As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C § 505 from the Defendant.

46.    Plaintiff is also entitled to injunctive relief to prevent or restrain infringement of his copyright pursuant to 17 U.S.C. § 502.

47.    Defendant, including its employees, agents, contractors, or others over whom it has responsibility and control, copied and uploaded the Beauty Photograph

8
COMPLAINT

to Defendant's Instagram Account without Trunk Archive's consent or authorization.

48.     Defendant, including its employees, agents, contractors, or others over whom it has responsibility and control, willfully uploaded the Beauty Photograph onto Defendant's Instagram Account because Star-Care knew it did not have permission to use the Beauty Photograph.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for judgment against Defendant as follows:

- For a finding that Defendant infringed Plaintiff's copyright interest in the Beauty Photograph by copying, displaying, and distributing it without a license or consent;

- For an award of actual damages and disgorgement of all of profits attributable to the infringement as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant pursuant to 17 U.S.C. § 504(c), whichever is larger;

- For an injunction preventing Defendant from further infringement of all copyrighted works of the Plaintiff pursuant to 17 U.S.C. § 502;

- For costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505;

- For pre-judgment interest as permitted by law; and

- For any other relief the Court deems just and proper.

Dated: June 16, 2026        Respectfully submitted,

Mathew K. Higbee, Esq.
IL Bar No. 6319929
**HIGBEE & ASSOCIATES**
3110 W Cheyenne Ave Ste 200
North Las Vegas, NV 89032
(813) 710-3013
(714) 597-6729 facsimile
mhigbee@higbee.law

10
COMPLAINT

## DEMAND FOR JURY TRIAL

Plaintiff, Great Bowery, Inc. d/b/a Trunk Archive, hereby demands a trial by jury in the above matter.

Dated: June 16, 2026                    Respectfully submitted,

Mathew K. Higbee, Esq.
IL Bar No. 6319929
**HIGBEE & ASSOCIATES**
3110 W Cheyenne Ave Ste 200
North Las Vegas, NV 89032
(813) 710-3013
(714) 597-6729 facsimile
mhigbee@higbee.law

11
COMPLAINT